**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CHRIS COOPER, STARDUST389, INC.,** and **AIRLOCK389, INC.,** | : | **Civil Action No. 1:24-cv-00832-MN** |
| Plaintiff, | : | |
| v. | : | |
| **PATRICIA BELLASALMA, SHANNON SMITH-CROWLEY, RICHARD CABAEL, DAVID TRAUB, KEATH SPEARS, DENIS G. LUCINDO, PAUL PARMON, MICHAEL ARIZOLA, DIVYESH MAKWANA, CATERINA NETTI, CARIE ELENA EDWARDS, LAURA DUNPHY, COLE SMITH-CROWLEY, SANDRA WILLIAMS, TORI TRASK, BLANE A. SMITH, THE LAW OFFICE OF BLANE A. SMITH, MAGALY ZAGAL, CALIFORNIA CAPITOLIO STRATEGIES LLC,** | : | |
| Defendant. | : | |

## MOTION TO EXTEND TIME FOR SERVICE

Plaintiffs Stardust389, Inc., Airlock389, Inc., and Christopher H. Cooper ("Plaintiffs"), by and through the undersigned counsel, file this Motion to Extend Time for Service, and in support thereof, state as follows:

1. On July 18, 2024, Plaintiff filed this action against the above-captioned defendants seeking redress for violation of the Trademark Infringement (Lanham Act) among other wrongful, violative, and illegal conduct.

2. Pursuant to Fed R. Civ. P. 4(m), if a defendant is not served within 90 days after the complaint is filed, and plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1

3. Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (b) on motion made after the time has expired if the party failed to act because of excusable neglect." Good cause exists when the trial court, in its discretion, finds excusable neglect. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895 (1990).

4. Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness of counsel. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 391(1993).

5. After this Complaint was filed, primary and local counsel engaged in best efforts to locate and serve the above-captioned defendants. However, for the reasons explained below, certain defendants have to date still not yet been located. The delay in serving those defendants cited below was not done intentionally or in bad faith.

6. The foregoing considered, Plaintiffs respectfully request that this Honorable Court issue an Order granting Plaintiffs leave for an additional ninety (90) days to serve the Summons and Complaint upon the following defendants cited below.

Defendant: Patricia Bellasalma

7. Defendant Patricia Bellasalma ("Bellasalma") is a co-defendant in relation to the following associated case pending in this Court: *Traub v. Stardust389, Inc. et al.*, C.A. No. 1:22-cv-01582-SRF ("Traub Matter").

8. On November 30, 2023, Defendant Bellasalma submitted a Notice to Proceed Pro Se in the Traub Matter. The correspondence containing said Notice originated from an address bearing Ms. Bellasalma's name: 2641 Montgomery Ave., Sacramento, CA 95818.

9. Subsequently, a Return of Undeliverable Mail indicated that the following physical address provided to the Court by Defendant Bellasalma was non-deliverable: 3620 American River Drive, Suite 218, Sacramento, CA 95864-5915.

10. Following the filing of the instant Complaint, Plaintiffs endeavored to effectuate service upon Defendant Bellasalma on or about August 13, 2024, at 9401 E. Stockton Blvd., Suite 145, Elk Grove, CA 95624, the purported address of her law practice. This service attempt proved unsuccessful.

11. On August 14, 2024, Plaintiffs communicated with Defendant Bellasalma, requesting a serviceable address. Notwithstanding multiple subsequent requests and Defendant Bellasalma's responses to other unrelated electronic communications, she persistently declined to furnish a serviceable address.

12. On or about August 16, 2024, Plaintiffs attempted to serve Defendant Bellasalma at 9546 Village Tree Dr., Elk Grove, CA 95758. This attempt was unsuccessful, as reported by the process server: "The premises were accessible, and the server detected a female voice within but was unable to visually confirm occupancy. Upon initiating knocking, the voice ceased. The server repeatedly knocked and returned to the vehicle to sound the horn, eliciting no response or acknowledgment."

13. On August 16, 2024, Plaintiffs prepared and transmitted a Waiver of Service of Summons to Defendant Bellasalma, which similarly remains unacknowledged.

14. Thereafter, on August 17, 2024, service of process was effectuated successfully upon the 9546 Village Tree address upon Tori "Doe" (Co-Occupant).

15. On September 5, 2024, an advanced person search was conducted regarding Defendant Bellasalma, which corroborated the 9546 Village Tree Dr. address as the most probable location.

16. On or about September 26, 2024, Plaintiffs received a USB drive containing certain discovery response exhibits pursuant to the related lawsuit from Defendant Bellasalma. The customs declaration on the correspondence stated the sender's address as 32 Crosbie Street, Glasgow, G200BB, UK, while the front of the letter bore a handwritten address further corroborating the 9546 Village Tree Dr. address. Further investigation revealed that the 32 Crosbie Street address was consistent with that of Maria Caterina Netti, a named defendant and known associate of Defendant Bellasalma.

17. Plaintiffs subsequently incurred costs of $1,575.00, in addition to $150.00 in shipping costs, for service of the summons and Complaint upon the Glasgow address.

18. On October 29, 2024, Plaintiffs received correspondence from the process server indicating that service was ineffective for the following reasons: "The Officer attended 32 Crosbie Street, Glasgow and interviewed Love Breet, who advised that her husband, Kuswinder Singh, is the tenant of the property. The Officer established that the owner of the property is Sandeep Bassi, who acquired the property from Maria Caterina Netti. A database search has yielded a possible forwarding address for Maria Caterina Netti of 57 Marshall Grove, Hamilton, ML3 8NL. We have been unable to ascertain a forwarding address for Patty Bellasalma J.D."

19. Plaintiffs have subsequently instructed the process server to attempt service at the forwarding address provided for Maria Caterina Netti.

20. While it appears that Defendant Bellasalma is residing in the United Kingdom, as disclosed during a discussion in relation to the location of attendees present during the deposition of other certain parties in the Traub Matter, it appears that Ms. Bellasalma may have provided false information in her customs declaration. Furthermore, her purported serviceable law firm address in California is erroneous, and her conduct demonstrates willful obstruction and delay in identifying and effecting service upon her person.

Caterina Netti ("Netti")

21. Subsequent to filing the complaint, plaintiffs attempted to locate Netti, identifying a potential address on or about September 23, 2024, resulting thereafter in securing service upon said address.

22. Similar to the discussion *supra*, on October 29, 2024, Plaintiffs received correspondence from the process server indicating that service was ineffective for the following reasons: "The Officer attended 32 Crosbie Street, Glasgow and interviewed Love Breet, who advised that her husband, Kuswinder Singh, is the tenant of the property. The Officer established that the owner of the property is Sandeep Bassi, who acquired the property from Maria Caterina Netti. A database search has yielded a possible forwarding address for Maria Caterina Netti of 57 Marshall Grove, Hamilton, ML3 8NL. We have been unable to ascertain a forwarding address for Patty Bellasalma J.D."

23. Currently, Plaintiffs are attempting to effectuate service of process upon Netti at the forwarding address of 57 Marshall Grove, Hamilton, ML3 8NL.

Richard Cabael

24. Richard Cabael is a plaintiff in the Traub Matter.

25. As plaintiff, Cabael was served with discovery demand requests for the disclosure of his address, which through counsel, he refused to provide, stating: "As a Plaintiff in this action represented by a member of the bar, Respondent may be contacted through his counsel, at the Law Offices of Timothy P. Rumberger, 1339 Bay St., Alameda, CA 94501."

26. Furthermore, in the corresponding deposition in the Traub Matter, Mr. Cabael's counsel, Timothy P. Rumberger, Esq. objected to the disclosure of Cabael's address, instructing his client not to answer.

27. Plaintiffs are continuing to engage third parties to conduct their investigation and determine the whereabouts of Mr. Cabael.

28. Accordingly, Plaintiffs request additional time in order to ascertain Cabael's address for service of process in this matter.

David Traub

29. David Traub is a plaintiff in the related case (1:22-cv-01582-SRF).

30. As plaintiff, Traub was served with discovery demand requests for the disclosure of his address, which through counsel, was objected on the basis that "As a Plaintiff in this action represented by a member of the bar, Respondent may be contact through his counsel, at the Law Offices of Timothy P. Rumberger, 1339 Bay St., Alameda, CA 94501."

31. Furthermore, in the corresponding deposition in the Traub Matter, Mr. Traub's counsel, Timothy P. Rumberger, Esq. objected to the disclosure of Cabael's address, instructing his client not to answer.

32. Similarly, Plaintiffs have engaged third-parties to conduct investigations into the whereabouts of Mr. Traub.

33. Accordingly, Plaintiffs request additional time in order to ascertain Mr. Traub's address for service of process in this matter.

Other Corporate Defendants

34. Subsequent to filing the lawsuit, plaintiffs conducted a search for California Capitolio Strategies, LLC, and further employed the services of the process service company to locate and serve the entity.

35. However, the process service company identified that while Defendant Magaly Zagal is the registered agent for the entity, the address for the entity, 5325 Elkhorn Blvde., #7004, Sacramento, CA 95842 is an unserviceable P.O. box "189428" at a "Postal Annex" location.

36. The entity is listed as Active in Good standing.

37. Accordingly, Plaintiffs request additional time in order to ascertain the address for service of process in this matter upon California Capitolio Strategies, LLC.

Other Defendants Pending Service:

38. Similarly, Plaintiffs request additional time to locate the following defendants for service of process:

   a) Denis G. Lucindo

   b) Paul Parmon

   c) Michael Arizola

   d) Divyesh Makwana

   e) Sandra Williams

    f) Tori Trask

39. Despite searches having been conducted on August 16, 2024, Plaintiffs have so far not been able to locate these individuals.

40. The foregoing considered, Plaintiffs respectfully requests that this Honorable Court issue an Order granting him leave for an additional 90 days to serve the Summons and Complaint upon the defendants identified herein.

41. As a final matter, Plaintiffs' counsel recently discovered that all pleadings that were previously served inadvertently lacked a Summons. While we have remedied this with post-service Rule 4 Summons Stipulations upon counsel for Shannon Smith-Crowley, Cole Smith-Crowley, Blain A. Smith, and the Law offices of Blain A. Smith, , and have also sent the same to attorneys Magaly Zagal, and Patrica Bellasalma who have not similarly responded, , Plaintiffs are in the process of re-serving those parties who are not attorneys or have not otherwise have secured representation. Accordingly, Plaintiffs request an additional 90 days to serve those parties.

Dated: November 14, 2024

                                  **GARIBIAN LAW OFFICES, P.C.**

                                  */s/ Antranig Garibian*
                    By:    Antranig Garibian, Esq. (DE Bar 4962)
                           Brandywine Plaza East
                           1523 Concord Pike, Suite 400
                           Wilmington, DE 19803
                           (302) 722-6885
                           ag@garibianlaw.com
                           *Attorneys for Plaintiff, Kenneth Dillon*