# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS COOPER, STARDUST389, INC., and AIRLOCK389, INC., </br></br>Plaintiffs, </br></br>v. </br></br>PATRICIA BELLASALMA, SHANNON SMITH-CROWLEY, RICHARD CABAEL, DAVID TRAUB, KEATH SPEARS, DENIS G. LUCINDO, PAUL PARMON, MICHAEL ARIZOLA, DIVYESH MAKWANA, CATERINA NETTI, CARIE ELENA EDWARDS, LAURA DUNPHY, COLE SMITH-CROWLEY, SANDRA WILLIAMS, TORI TRASK, BLANE A. SMITH, THE LAW OFFICE OF BLANE A. SMITH, MAGALY ZAGAL, CALIFORNIA CAPITOLO STRATEGIES LLC, </br></br>Defendants. | Case No. 1:24-cv-00832-MN |

**DEFENDANTS SHANNON SMITH-CROWLEY, COLE SMITH-CROWLEY, BLANE A. SMITH, AND THE LAW OFFICE OF BLANE A. SMITH'S <u>REPLY BRIEF INSUPPORT OF THEIR MOTION TO DISMISS</u>**

**KAUFMAN DOLOWICH LLP**

_/s/ Kristen S. Swift_
Kristen S. Swift (No. 6077)
222 Delaware Avenue, Suite 720
Wilmington, DE 19801
302-421-0986
Kristen.Swift@kaufmandolowich.com

# Table of Contents

**ARGUMENT** .................................................................................................................... 1

    I.    **THIS COURT LACKS JURISDICTION** ........................................................... 1

        A.    **The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Fail to State a Lanham Act Claim** ............................................................................................ 1

        B.    **The Court Lacks Personal Jurisdiction Over the Moving Defendants** .................... 3

    II.    **THE COMPLAINT'S STATE LAW CLAIMS ARE INSUFFICIENT AS A MATTER OF LAW** ............................................................................................ 5

        A.    **Plaintiffs' Breach of Contract Claims Remain Totally Conclusory** ......................... 5

        B.    **Plaintiffs Do Not Adequately Plead Fraud Under Rule 9(b)** ..................................... 6

        C.    **Plaintiffs Fail to State a Claim for Legal Malpractice Against Cole Smith-Crowley and Shannon Smith-Crowley** ....................................................................................... 8

        D.    **The Civil Conspiracy Claim Is Unsustainable Due to the Absence of An Underlying Tort or Scienter on the Part of the Smith Defendants** ............................. 10

**CONCLUSION** ............................................................................................................... 10

# **Table of Authorities**

**Cases**

*1-800-Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400 (2d. Cir. 2005) *cert. denied*, 546 U.S. 1033 (2005) .................................................................................................................................. 2

*Acco Brands USA LLC v. Performance Designed Prods. LLC*, 2024 WL 181545 (D. Del.) ............. 3

*Allied Capital Corp. v. GC-Sun Holdgs.*, L.P., 910 A.2d 1020 (Del. Ch. 2006) ........................... 10

*ANI Pharm., Inc. v. Method Pharm.*, 2019 WL 176339 (D. Del. 2019) ........................................ 4

*Canterbury Women's Health Care, Inc. v. Rucker*, 2006 WL 3477779 (Cal. Super.), *aff'd,* 2007 WL 2834603 (Cal. App. 1st 2007) ................................................................................................ 9

*Dayan v. McQuiller*, 2023 WL 3644247 (Cal. App. 1st 2023) ..................................................... 10

*Foote v. Mehrotra*, 2023 WL 7214728 (D. Del.) ............................................................... 2, 3

*Foxborough v. Van Atta*, 26 Cal. App.4th 217 (Cal. App. 1994)...................................................... 8, 9

*Hazout v. Tsan Mun Ting*, 134 A.3d 274 (Del. 2016)......................................................................... 4

*Katz. v. Apuzzo*, 2019 WL 3219513 (D. Del. 2019) ........................................................................ 3

*Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872 (Del Ch 2009) ...................................................... 10

*Lipham Construction Co. v. Lipham*, 2014 WL 11512410 (N.D. Texas 2014)................................ 2

*Market America, Inc. v. Google, Inc.*, 2010 WL 3156044 (D. Del. 2010) ...................................... 7

*Monsanto Co. v. Sygenta Seeds, Inc.*, 443 F. Supp.2d 648 (D. Del. 2006) ...................................... 1

*REI Holdings, LLC v. LienClear*, 2019 WL 3546881 (D. Del.) .................................................... 6

*Tolliver v. Qlarant Quality Solutions, Inc.*, 2022 WL 17097602 (Del. Super.), *aff'd*, 297 A.3d 1084 (Del. 2023)........................................................................................................................... 3, 4

*Travelers Cas. & Sur. Co. of America v. Blackbaud, Inc.*, 2024 WL 1298762 (Del Super. 2024) . 5

**Statutes**

10 Del. C. § 3104(c)......................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 9(b)........................................................................................................................... 7

Defendants Shannon Smith-Crowley, Cole Smith-Crowley, Blane A. Smith and The Law Office of Blane A. Smith (together, the "Moving Defendants" or "Smith Defendants"), for their reply brief in support of their motion to dismiss the Amended Complaint ("AC") against them, and in response to Plaintiffs' Memorandum of Law In Opposition To Smith Defendants' Motion To Dismiss ("P.Bf."), reply as follows:

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION

#### A. The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Fail to State a Lanham Act Claim

To state a claim for false advertising under the Lanham Act, Plaintiff must plead facts alleging that Defendants "made false or misleading statements or descriptions of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." *Monsanto Co. v. Sygenta Seeds, Inc.*, 443 F. Supp.2d 648, 652-53 (D. Del. 2006). Plaintiffs assert that their Lanham Act claims against the Smith Defendants "arise from their systematic misuse of corporate marks and authority in commercial activities affecting interstate commerce." P.Bf. 5. However, Plaintiffs fail to allege a single use of a corporate mark or a single misrepresentation by the Smith Defendants "in connection with commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" in the Amended Complaint. Their Lanham Act claim against the Smith Defendants must therefore be dismissed.

Contrary to Plaintiffs' assertion at P.Bf. 7, Plaintiffs rely almost exclusively on allegations in the Complaint of "merely internal corporate" conversations for their Lanham Act claim against the

1

Smith Defendants, such as: Shannon-Smith Crowley's conversations with the Company's bookkeeper in an unsuccessful attempt to gain access to the Company's financial records, P.Bf. 6, citing, AC ¶ 262, or Cole Smith-Crowley's telephone call with Cooper in which Cole allegedly "told Cooper that Bellasalma had just hired him to be the investor relations person." AC, ¶¶ 172-73. Such purely internal corporate conversations having nothing to do with the use of trademarks or misrepresentations "in connection with the sale of goods or services" and cannot sustain a Lanham Act claim. *1-800-Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 409 (2d. Cir. 2005) *cert. denied*, 546 U.S. 1033 (2005) (holding "[a] company's internal utilization of a trademark in a way that does not communicate it to the public is analogous to a[n] individual's private thoughts about a trademark. Such conduct simply does not violate the Lanham Act…"); *Lipham Construction Co. v. Lipham*, 2014 WL 11512410, at *3 (N.D. Texas 2014) ("Federal courts were not designated by the Lanham Act to be arbitrators of corporate boardroom disputes between shareholders.").

Nor does the only alleged interaction by the Smith Defendants with a third-party which Plaintiffs cite in support of their Lanham Act claims against them, regarding Shannon-Smith-Crowley's "successfully redirecting a $9,600 corporate check," P.Bf. 6, citing AC, ¶ 263, allege any use of a corporate mark or misrepresentation by her "in connection with commercial advertising or promotion."

Absent the sole basis for this Court's subject matter jurisdiction, this Court should, like the Court in *Foote v. Mehrotra*, 2023 WL 7214728, at *12 (D. Del.), decline to exercise supplemental jurisdiction. *Id.*[1]

---

[1] Plaintiffs routinely cite cases, without directing the Court to any specific page, referencing holdings nowhere to be found in the decisions. The Court in *Foote* **did not**, as Plaintiffs assert at P.Bf. 8, find "supplemental jurisdiction proper over state law claims that were 'inextricably

**B.     The Court Lacks Personal Jurisdiction Over the Moving Defendants**

Plaintiffs assert that personal jurisdiction exists over the Smith Defendants because they "voluntarily assumed officer roles in Delaware corporations and subsequently exercised purported corporate authority." P. Bf. 9, 10-11.[2] Plaintiffs' assertion fails because Plaintiffs do not point to any alleged actions by the Smith Defendants *conducted in or directed at* Delaware and therefore the alleged claims do not fall within either Delaware's long-arm statute, 10 Del. C. § 3104(c), or meet the minimum contacts requirement for comporting with the Due Process Clause of the Constitution.

Plaintiffs rely on Section 3104(c)(1) of Delaware's long-arm statute, i.e., transacting business in Delaware, and (c)(3), i.e., causing tortious injury by an act or omission in Delaware. However, "[i]n order to establish personal jurisdiction under either (c)(1) or (c)(3), a plaintiff is required to allege conduct, whether an act or an omission, by the nonresident that occurred *in the state* of Delaware. Simply holding a position in a company that operates in Delaware is insufficient to establish jurisdiction under these provisions." *Tolliver v. Qlarant Quality Solutions, Inc.*, 2022 WL 17097602 at *7 (Del. Super.), *aff'd*, 297 A.3d 1084 (Del. 2023). Nor does merely exercising "corporate authority" in the absence of any conduct in, or directed at, Delaware, "provide the defendant with 'fair warning' that [she] might be sued there" in compliance with the Due Process Clause of the Constitution. *Katz. v. Apuzzo*, 2019 WL 3219513, at *2 (D. Del. 2019). Moreover, the mere assertion that a defendant assumed a position as officer of a Delaware corporation, without more,

---

intertwined' with Lanham Act violations." *Foote* did not involve a Lanham Act claim, but rather the Court's declining to exercise supplemental jurisdiction after dismissing the only federal claim, which was based on the Securities Exchange Act. *Foote*, 2023 WL 7214728, at *12.

[2] Plaintiffs, at P. Bf. 9, cite *Acco Brands USA LLC v. Performance Designed Prods. LLC*, 2024 WL 181545 (D. Del.) as finding personal jurisdiction based on accepting a corporate officer position. But the Court in *Acco* actually held that **there was no personal jurisdiction** over the sole defendant, a corporation, due to the absence of "some additional activity aimed at the forum state." *Id.* at *3.

3

runs afoul of the fiduciary shield doctrine, whereby an officer cannot be subject to personal jurisdiction for simply trying to carry out her duties as a corporate employee. *ANI Pharm., Inc. v. Method Pharm.*, 2019 WL 176339, at *6 (D. Del. 2019).[3]

Plaintiffs only allegations of corporate authority exercised by Shannon Smith-Crowley after being named Treasurer in the Action by Written Consent, AC, ¶ 241, concern her unsuccessful efforts to obtain the basic financial information needed to perform her newly elected position, *Id.*, ¶¶ 257-62; and her alleged redirecting, "as a then terminated advisor," of a single overpayment check in the amount of $9,600 to California. *Id.*, ¶ 263. Plaintiffs fail to allege that in either instance Shannon Smith-Crowley's actions took place in or were directed at the State of Delaware. The Complaint fails to allege -- because it cannot -- that the financial records and Wells Fargo bank account of the Company were located in Delaware.

The only alleged conduct of Cole Smith-Crowley after he assumed the role of officer was signing the Action by Written Consent on June 13, 2023. AC, ¶ 241. The only other allegations against him regarding his phone call with Cooper, *Id.*, ¶¶ 172-73, and his attendance at a meeting in the Philippines, occurred two months earlier, in April 2023. *Id.*, ¶ 175. Therefore, contrary to Plaintiffs' assertion otherwise at P.Bf. 10, the holdings in *Tolliver*, 2022 WL 17097602, at *7-8 and *ANI Pharm., Inc.,* 2019 WL 176339, at *6, whereby an officer's mere

---

[3] Plaintiffs do not rely on and thus effectively waive allegations under 10 Del. C. § 3114(b), which provides certain senior nonresident officers (not including Secretary) of a Delaware corporation may be subject to personal jurisdiction where "there is a close nexus between the claims against the corporation and those against the officer and director." *Hazout v. Tsan Mun Ting*, 134 A.3d 274, 279 (Del. 2016). But even if Plaintiffs had made such an argument, where the conduct underlying the claims against the officer is not focused on Delaware, as here, then the minimum contacts necessary to satisfy the Due Process Clause of the Constitution would be lacking in any event. *Id.* at 289.

4

signature of a corporate document is insufficient to establish personal jurisdiction over him, are squarely on point and preclude this Court's personal jurisdiction over him.[4]

Finally, Plaintiffs cannot change the fact that the Complaint's *only* allegation against Blane Smith and The Law Office of Blane A. Smith regarding their allegedly being paid "$750 per month to use the firm's address," is confined to an office located in Sacramento, California. *Id.*, ¶¶ 23, 267. By any stretch of the imagination, renting one's office in California does not, as Plaintiffs assert at P.Bf. 10, equate with "participating in the unauthorized control of Delaware assets." Nor do Plaintiffs point to any assets of the Corporate Defendants located in the State of Delaware.

Accordingly, the Complaint should be dismissed against the Smith Defendants for lack of personal jurisdiction.

## II.  THE COMPLAINT'S STATE LAW CLAIMS ARE INSUFFICIENT AS A MATTER OF LAW

### A.  Plaintiffs' Breach of Contract Claims Remain Totally Conclusory

Plaintiffs agree on the required elements of a breach of contract claim: "the existence of a contract, breach of that contract, and resulting damages." P.Bf. 12. As set forth in the cases set forth at page 11 of the Smith Defendants' moving brief: "Each element must be supported by specific factual allegations; conclusory statements are insufficient." *Travelers Cas. & Sur. Co. of America v. Blackbaud, Inc.*, 2024 WL 1298762, at *10 (Del Super. 2024). However, Plaintiffs' allegations of the existence of any contracts entered with Plaintiffs by Shannon Smith-Crowley or Cole Smith-Crowley remains wholly conclusory, consisting of the same cut and paste allegation

---

[4] Plaintiffs, at P.Bf. 10, incorrectly assert the Court in *ANI Pharm* "found jurisdiction proper based on the defendants' assumption of corporate roles and subsequent exercise of authority affecting Delaware corporate interests," when the Court in *ANI Pharm*, actually held, "Plaintiff has failed to meet its burden of showing personal jurisdiction," based merely on an officer's signature on a distribution contract. *ANI Pharm.,* 2019 WL 176339, at *7.

5

made against nearly all 19 defendants, that "an allegedly valid, duly authorized independent contractor agreement existed." P.Bf. 12, citing AC ¶¶ 364, 770. The Complaint's only allegations of any roles played by either Shannon Smith-Crowley or Cole Smith-Crowley on behalf of the Corporate Plaintiffs were, respectively, as Corporate Treasure (Shannon) and Corporate Secretary in charge of investor relations (Cole). Even if independent contractor agreements existed outlining their duties in those roles, Plaintiffs fail to explain how Shannon Smith-Crowley, as Treasurer, attempting to obtain the financial records and information needed to do her job, would violate any such contract. Similarly, Plaintiffs fail to explain how Cole Smith-Crowley, as the person in charge of investor relations, by requesting control over investor relations, could have possibly breached any contract he may have entered in that capacity.

The Complaint also fails to allege the required damages for this Court's jurisdiction. The only monetary amount alleged is a $9,600 overpayment check, which amount, even if Plaintiffs could show it was not properly allocated, does not meet the jurisdictional requirements of this Court. Accordingly, the Complaint's breach of contract claims against Shannon Smith-Crowley and Cole Smith-Crowley remain totally conclusory and insufficient as a matter of law.

**B.    Plaintiffs Do Not Adequately Plead Fraud Under Rule 9(b)**

Under Delaware law, the elements of fraudulent inducement and fraud are the same: "(1) a false representation or omission of fact that defendant had a duty to disclose; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance." *REI Holdings, LLC v. LienClear*, 2019 WL 3546881, at *8 (D. Del.). Plaintiffs' fraud claims against Shannon Smith-Crowley and Cole Smith-Crowley fail

6

to satisfactorily allege each of these required elements with the particularity required by Fed. R. Civ. P. 9(b).

For Plaintiffs' purported misrepresentations in support of their fraud claim against Shannon-Smith Crowley, Plaintiffs rely entirely on her alleged statements to the Company's bookkeeper in her attempt to gain access to the basic financial records needed to do her job as Treasurer. P.Bf. 14-15. However, Plaintiffs fail to allege facts showing that she made any knowingly false statements in doing so. Plaintiffs do not indicate how Shannon's "text message" to the Company's bookkeeper regarding his ability to "enroll in the online Wells Fargo system," was false. P.Bf. 14, citing AC, ¶ 261. Nor does merely providing the bookkeeper with corporate documents, e.g., the Action by Written Consent and a Board Resolution amount to a knowing false statement by her. *Id.* Finally, while Cooper may dispute the validity of his termination, Shannon's alleged statement that, according to those corporate documents, Cooper had been "terminated," was accurate. AC, ¶ 261.

The Amended Complaint also fails to allege *scienter* against Shannon Smith-Crowley, which requires alleging facts from which a defendant's knowledge of the falsity of his or her misrepresentation can be inferred. *Market America, Inc. v. Google, Inc.*, 2010 WL 3156044, at *4 (D. Del. 2010). The Amended Complaint does not allege any facts from which it can be inferred that Shannon Smith-Crowley had any reason to believe that any of her statements to the bookkeeper were false or that the Action by Written Consent was invalid.

In any event, Plaintiffs cannot show reasonable or justifiable reliance because there is no indication in the Complaint that the bookkeeper heeded her request for access to the basic financial information needed to do her job. Nor does the Complaint allege any resulting damages from her interactions with the bookkeeper.

7

The fraud claim against Cole Smith-Crowley is based solely on one off-the-cuff conversation he had with Cooper and does not come close to meeting any of the required elements of fraud. The Complaint fails to allege how Cole's statement that he was just hired as investor relations person by Bellasalma was false. Nor does the opinion of a recent law school graduate that "they [he and Bellasalma] knew what was best for him [Cooper]," AC ¶ 172, constitute an actionable misstatement. Nor does the Complaint allege *scienter* against him, and there are no alleged facts from which it can be inferred that Cole knew his hiring was in any respect improper. Finally, Plaintiffs fail to allege that Plaintiffs could have relied in any way, shape or form on the opinion or off-the-cuff statements of a just-hired law school graduate, or that they suffered any resulting damages from the conversation.

C. **Plaintiffs Fail to State a Claim for Legal Malpractice Against Cole Smith-Crowley and Shannon Smith-Crowley**

Plaintiffs fail to allege that they ever engaged Cole Smith-Crowley to perform legal services on their behalf. During his phone call with Cooper, Cole held himself out as a newly hired "investor relations person," not as counsel. AC, ¶¶ 172-73. Nor did Cole allegedly sign the Action by Written Consent, as counsel, but rather as "as an alleged secretary and director." *Id.*, ¶ 241.

Plaintiffs concede that California law applies to the legal malpractice claim against Shannon Smith-Crowley and that, "[u]nder California law, legal malpractice claims must be brought within one year of actual or constructive discovery, or four years after the wrongful act, whichever occurs first, as established in *Foxborough v. Van Atta*, 26 Cal. App.4th 217, 224 (Cal. App. 1994)." P.Bf. 16-17. Plaintiffs also identify paragraph 30 of the Complaint as setting forth the specific subject matter for which Shannon Smith-Crowley was allegedly retained. E.g., Shannon Smith-Crowley's engagement, in 2019, as a lobbyist, to use "her legal skills to vet and

filter interested parties to facilitate introductions" with people who could help build Plaintiffs' business. P.Bf. 16; AC, ¶ 30.

Plaintiffs concede that, under California law, such "mere introductions" are insufficient to state a claim for malpractice. P.Bf. 18, citing, *Canterbury Women's Health Care, Inc. v. Rucker*, 2006 WL 3477779 (Cal. Super.), *aff'd,* 2007 WL 2834603 (Cal. App. 1st 2007). Plaintiffs claim without any support that she engaged in further legal services but fail to identify what those legal services were or how they constitute legal malpractice. P.Bf. 14.

In any event, Plaintiffs' legal malpractice claim against her is time-barred because her lobbying services concluded in 2019. Plaintiffs mistakenly assert that the continuous representation doctrine applies "because Shannon Smith-Crowley continued her involvement well into, and through 2023, as evidenced by her ongoing assertions of authority over *corporate* matters…." P.Bf. 17. As the California Court held in *Foxborough,* 26 Cal. App.4th at 228-29, "the limitations period is not tolled when an attorney's subsequent role is only tangentially related to the legal representation the attorney provided to the plaintiff" or where the alleged client's relationship with the attorney is "sporadic," rather than a natural continuation of "the professional services in which the alleged malpractice occurred." *Id.,* at 229. (finding no continuous representation due to defendant attorney's "lack of any contact" with plaintiff "for a prolonged period," and the "significant change in [his] role and responsibilities").

The Complaint fails to allege **any** legal services performed by Shannon on Plaintiffs' behalf after 2019. Her only subsequent "corporate" services were *not* as a legal adviser, but in her role as Treasurer. Moreover, given that Plaintiffs claim to have "terminated" her any indicia of the "ongoing *mutual* relationship" required for application of the continuous representation

9

rule to apply, is totally lacking. P.Bf. 2; *Dayan v. McQuiller*, 2023 WL 3644247, at *6 (Cal. App. 1st 2023).

Accordingly, Plaintiffs' legal malpractice claims against Shannon and Cole Smith-Crowley are insufficient, and with respect to the claim against Shannon, is also time-barred.

### D. The Civil Conspiracy Claim Is Unsustainable Due to the Absence of An Underlying Tort or Scienter on the Part of the Smith Defendants

As set forth at page 18 of the Smith Defendants' opening brief: "Civil conspiracy is not an independent cause of action; it must be predicated on an underlying wrong." *See, e.g.*, *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 892 (Del Ch. 2009). Plaintiffs' inadequately alleged underlying tort cannot sustain the conspiracy claim. Therefore, the conspiracy claim must also be dismissed. Moreover, "the test for civil conspiracy …, is a stringent one, turning on proof of scienter…" *Allied Capital Corp. v. GC-Sun Holdgs*., L.P., 910 A.2d 1020, 1039 (Del. Ch. 2006). Any claim against the Smith Defendants for civil conspiracy would fail for the same reasons that Plaintiffs' fraud claims against them fail, including the absence of any alleged facts from which scienter could be inferred.

### CONCLUSION

For all the foregoing reasons, and those set forth in their moving brief, the Moving Defendants respectfully request this Court grant their Motion to Dismiss the claims against them entirely with prejudice.

Dated: January 21, 2025                              **KAUFMAN DOLOWICH LLP**

*/s/ Kristen S. Swift*
Kristen S. Swift (No.6077)
222 Delaware Avenue, Suite 720
Wilmington, DE 19801
(302) 421-0986
Kristen.Swift@kaufmandolowich.com

10

Of Counsel:
Peter A. Stroili
Kaufman Dolowich LLP
40 Exchange Place
New York, New York 10005
(212) 485-9600