

March 18, 2025

*<u>Via E-Filing</u>*
Honorable Maryellen Noreika
United States District Court
844 N. King Street, Unit 18
Wilmington, DE 19801

    Re:    <u>Chris Cooper et al. v. Patricia Bellasalma, et al.</u>
              C.A. No. 1:24-cv-00832-MN

Your Honor,

    Pursuant to the Court's order, Plaintiffs submit this letter to apprise the Court of the ongoing efforts to effectuate service upon the remaining unserved Defendants and to seek relief permitting alternative means of service due to Defendants' efforts to evade service.

## I. Defendants' Evasion of Service and Non-Cooperation

    Plaintiffs have undertaken extensive efforts to locate and serve the remaining Defendants. The most egregious obstruction has been from Defendant Patricia Bellasalma ("Bellasalma"), who, despite being served and facing default, continues to refuse to provide the information in her posession that would facilitate service upon other Defendants.

    Bellasalma, Richard Cabael and David Traub are all parties in the related case pending in this Court - *Traub v. Stardust389, Inc.*, C.A. No. 1:22-cv-01582-SRF. Defendants Richard Cabael and David Traub, who are Plaintiffs in the *Traub* matter and coordinated with Bellasalma, have refused to provide their addresses or disclose their locations, further indicating a concerted effort to evade service. However, on balance, Plaintiffs determined that it would have been more affordable to proceed with investigators and process server attempts than to try to compel disclosure.

## II. Current Efforts and Significant Costs Incurred

    Despite Plaintiffs' diligent pursuit, including engagement with international solicitors and private investigative resources, Defendants have remained elusive. Plaintiffs have retained DWF LLP in London to assist with locating and serving Defendants abroad, including engaging private detectives where necessary. This effort is being further complicated by the fact that several Defendants may be located in multiple foreign jurisdictions, increasing both the complexity and costs of service. Efforts have already resulted in substantial expenditures, including process server fees, investigative searches, and legal coordination across multiple jurisdictions, costing approximately $10,000 USD since the filing of the Complaint. The only remaining option for traditional service is the

261 Old York Road, Unit 427, Jenkintown, PA 19046 • 18 East 41st Street, 6th Floor, New York, NY 10017
Brandywine Plaza East, 1523 Concord Pike, Suite 400, Wilmington, DE 19803
215.326.9179 • 302.722.6885 • ag@garibianlaw.com • www.garibianlaw.com

continued engagement of private investigators, which is an exceedingly costly and uncertain endeavor, given Defendants' active concealment of their whereabouts.

Defendant Magaly Zagal has actively evaded service despite Plaintiffs' exhaustive efforts. Plaintiffs attempted service at her listed business address for California Capitolio Strategies, LLC, where she is the registered agent, only to discover that it is nothing more than an unserviceable P.O. box at a Postal Annex location.

Compounding this is Zagal's employment at Greenberg Traurig, LLP. As Plaintiffs seek to serve Zagal, Greenberg Traurig, LLP is actively obstructing service, preventing process servers from accessing her at their offices. Plaintiffs lack a verified home or business address for Zagal, and, as with other Defendants, the necessary service information is being intentionally withheld. These bad-faith tactics leave no alternative but for Plaintiffs to request that the Court authorize alternative service methods to prevent further obstruction of justice.

### III.    Request for Alternative Service

Given the ongoing evasions and the prohibitive costs associated with traditional service, Plaintiffs respectfully request that the Court authorize alternative methods of service, including:

1. **Service by Email**: Several Defendants have regularly engaged in email communications, demonstrating that email service would provide actual notice.

2. **Service by Publication**: As an alternative, Plaintiffs seek leave to serve Defendants through legal publication in a forum likely to reach them.

3. **Service via Counsel in the Related Litigation**: Plaintiffs request that the Court direct service upon Defendants through their attorneys of record in the *Traub* matter, given their refusal to disclose their addresses but continued representation by counsel.

### IV.    Conclusion

Plaintiffs have demonstrated good faith and due diligence in attempting to effectuate service but have been met with calculated non-cooperation from all currently-unserved Defendants. Given the circumstances, Plaintiffs respectfully request that the Court grant leave for alternative service methods as outlined above and, if necessary, extend the deadline for service to accommodate these alternative measures.

We appreciate the Court's attention to this matter and stand ready to provide any additional information as needed.

Respectfully submitted,

ANTRANIG GARIBIAN