IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS COOPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 24-832 (MN) |
| ) | |
| PATRICIA BELLASALMA, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

Antranig Garibian, GARIBIAN LAW OFFICES, P.C., Wilmington, DE; James A. Wolff, WARSHAW BURNSTEIN LLP, New York, NY – Attorneys for Plaintiffs Chris Cooper, Stardust389, Inc. and Airlock389, Inc.

Kristen S. Swift, KAUFMAN DOLOWICH LLP, Wilmington, DE; Peter A. Stroili, KAUFMAN DOLOWICH LLP, New York, NY – Attorneys for Shannon Smith-Crowley, Cole Smith-Crowley, Blane A. Smith, and The Law Office of Blane A. Smith

May 14, 2025
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE**

Before the Court is certain Defendants' motion to dismiss this action under Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. (D.I. 14). For the reasons that follow, the Court will GRANT the motion.

I. **BACKGROUND**

On July 18, 2024, Plaintiffs Christopher H. Cooper, Stardust389, Inc. ("Stardust"), and Airlock389, Inc. ("Airlock") (together, "Plaintiffs") initiated this action. (D.I. 1). The next day, Plaintiffs filed an amended complaint ("Amended Complaint"), asserting a dozen causes of action against 19 defendants, including violation of the Lanham Act, breach of contract, unjust enrichment, civil conspiracy, fraud, tortious interference, legal malpractice, conversion, misappropriation, libel, defamation, and computer fraud. (D.I. 4). According to the Amended Complaint, Cooper "is a U.S. citizen residing abroad," and Stardust and Airlock are Delaware corporations. (*Id.* ¶¶ 1-3).[1]

Four of the action's 19 defendants bring this motion to dismiss: Shannon Smith-Crowley ("Shannon"), Cole Smith-Crowley ("Cole"), Blane A. Smith ("Blane"), and the Law Office of Blane A. Smith ("the Law Office") (together, "the Smith Defendants"). According to the Amended Complaint, Shannon and Cole are California residents and lawyers, and Blane is a California lawyer who runs the Law Office in Sacramento, California. (*Id.* ¶¶ 6-7, 19-20, 23).

Distilled to its essence, the 185-page Amended Complaint broadly alleges a story of corporate deception, infighting, and, finally, a takeover of Airlock and Stardust. Plaintiffs allege that, in 2020, Cooper launched the two companies as a water and air purification venture, based on his career experience researching and developing clean energy technology. (*Id*. ¶¶ 51-54).

---

[1] There is no mention of Stardust and Airlock's principal places of business, or Cooper's state citizenship.

Airlock was the main operating entity and Stardust was its general manager. (*Id.*). To staff the businesses and advance their missions, Cooper interacted in various capacities with each of the 19 defendants. (*See, e.g.*, *id.* ¶¶ 28, 35, 37, 63, 64).

The Amended Complaint alleges that Shannon, in her professional role as a lobbyist, agreed to introduce Cooper to strategic industry professionals to join Stardust and Airlock. (*Id.* ¶¶ 30-32). Among them was Patricia Bellasalma, who, upon Shannon's recommendation, was hired by Cooper as Chief Legal Officer. (*Id.* ¶¶ 49-50, 55-61). Bellasalma would later challenge Cooper for control of the entities – successfully, according to the Amended Complaint. (*Id.* ¶¶ 225, 298-300, 303). Bellasalma, in turn, brought on Shannon and Cole to serve in several business roles, culminating with their appointments to the companies' boards as Treasurer and Secretary as part of Bellasalma's coup to eject Cooper from leadership. (*Id.* ¶¶ 172-73, 241, 257-63). As for Blane and the Law Office, the Amended Complaint alleges that Bellasalma improperly engaged them as independent contractors "for Bellasalma's personal use," such as using the Law Office's mailing address. (*Id.* ¶ 267).

On December 30, 2024, the Smith Defendants moved to dismiss for failure to state a claim, lack of subject matter jurisdiction, and lack of personal jurisdiction. (D.I. 14, 16). Plaintiffs filed their answering brief on January 13, 2025, and Defendants replied the following week. (D.I. 17, 20). The Court now addresses the motion.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1) – Subject Matter Jurisdiction

A plaintiff in federal court may move to dismiss on the basis that the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," as well as "supplemental jurisdiction over all other claims that are so related to claims in the action within

2

such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §§ 1331, 1367(a). Without either original or supplemental jurisdiction, a case must be dismissed.

A district court's decision to exercise supplemental jurisdiction is "discretionary." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). To do so, "(1) the federal claims must have substance sufficient to confer subject matter jurisdiction; (2) the state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims must be such that he would ordinarily be expected to try them all in one judicial proceeding." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 275 (3d Cir. 2001) (cleaned up). "The district court has discretion to decline to exercise supplemental jurisdiction if the state claims are novel and complex, if the state claims predominate over the federal claims, or if the court has dismissed the federal claims." *Kooker on Behalf of Hecla Mining Co. v. Baker*, 497 F. Supp. 3d 1, 6 (D. Del. 2020); 28 U.S.C. § 1367(c).

### B.     Rule 12(b)(6) – Failure to State a Claim

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Nonetheless, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Lutz*, 49 F.4th at 327. The Court does not accept "bald assertions," "unsupported conclusions and unwarranted inferences," *Finkelman v. Nat'l Football League*, 810 F.3d 187, 202 (3d Cir. 2016), or allegations "so threadbare or speculative that they fail to cross the line between

3

the conclusory and the factual," *Connelly*, 809 F.3d at 790 (citation omitted). Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

### III. DISCUSSION

#### A. The Lanham Act Claims

The Amended Complaint asserts Lanham Act violations against each of the Smith Defendants. (D.I. 4 ¶¶ 411-16, 812-17, 909-14, 928-33). Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a defendant may be held liable for making "false statements of material fact in commercial advertising." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648, 652 (D. Del. 2006).

To state a claim for false advertising under the Lanham Act, Plaintiffs must allege that: (1) Defendants made false or misleading statements regarding their products or services (or someone else's); (2) that have a tendency to deceive (or actually deceived) the intended audience; (3) the deception is material and likely to influence purchasing decisions; (4) the advertised goods or services were involved in interstate commerce; and (5) there is a likelihood of injury to Plaintiffs. *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014); *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011).[2]

---

[2] It remains an open question in the Third Circuit whether a Lanham Act claim sounding in fraud should be evaluated under the traditional Rule 8 pleading standard or the heightened requirement of Rule 9(b). *See Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, No. 22-552 (GBW), 2023 WL 4013542, at *4 (D. Del. June 15, 2023). There appears to be some disagreement as to the matter. *Compare, e.g.*, *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 21-786 (SB), 2022 WL 911253, at *2 (D. Del. Mar. 28, 2022) ("I will test this Lanham Act claim under Rule 9(b)."), *with Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, No. 20-662 (RGA), 2021 WL 2188219, at *5 (D. Del. May 28, 2021) (examining Lanham Act counterclaims under Rule 8 as opposed to a "heightened standard"). The Court preliminarily observes that "the policies which underlie Rule 9's requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to . . . [many] Lanham Act claim[s]." *Max Daetwyler Corp. v. Input*

The Amended Complaint fails to plausibly allege most, if not all, of these elements. It does not point to specific, "actionable" advertising statements. *See Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993); *Vitamin Energy, LLC v. Evanston Ins. Co.*, 22 F.4th 386, 394 n.11 (3d Cir. 2022). It fails to identify specific goods or services, or how they were used in interstate commerce. *See Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 679 (D. Del. 2008) ("[T]he amended complaint does not involve comments about plaintiff's goods and/or services."). And it does not explain how any of Defendants' purported statements deceptively influenced a patron's purchasing decision. *See Groupe SEB USA*, 774 F.3d at 198; *Incarcerated Ent., LLC v. CNBC LLC*, 331 F. Supp. 3d 352, 358 (D. Del. 2018).

Instead, Plaintiffs claim in conclusory fashion that Defendants made "false and misleading statements of fact, including but not limited to; their illegitimate status as an officer or director of [Stardust and Airlock], in connection with [Stardust and Airlock's] goods and services, used in commerce, using [Stardust and Airlock's] names, terms, symbols, and elsewise, their representations as to the false designation of origin, false and misleading descriptions of fact, and false misleading representations of fact as to the ownership of [Stardust and Airlock], and their authorization to conduct sales and transactions of goods and services on behalf of [Stardust and Airlock]." (D.I. 4 ¶¶ 412, 813, 910, 929). Such allegations are insufficient to state a claim under the Lanham Act. *See Bosch*, 632 F. Supp. 2d at 365.

For example, the Complaint alleges that Shannon wrongfully held herself out as the treasurer of Plaintiffs' entities, "made material misrepresentations to the company's bookkeeper,"

---

*Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Pa. 1985); *Registered Agent*, 2022 WL 911253, at *2; *Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 365 (D. Del. 2009), but because the Court finds that Plaintiffs' claims cannot survive a motion to dismiss under the more permissive Rule 8 plausibility standard, it will leave the Rule 9(b) question for another day.

5

and diverted a payment of nearly $10,000 to herself that was in fact due to Plaintiffs. (D.I. 4 ¶¶ 241, 257-63; D.I. 17 at 5-6).  It similarly alleges that Cole made false representations about his corporate authority, including seizing control of the entities' investor relations function. (D.I. 4 ¶¶ 172-73, 241, 265; D.I. 17 at 6).  Taken together, this theory begins to sound like fraud, and these alleged misstatements, with some development, might plausibly serve as the foundation for a common law fraud claim.  But they are not false advertising.  *See U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 933 (3d Cir. 1990).

That is because Defendants' alleged conduct is not "commercial advertising or promotion" under 15 U.S.C. § 1125(a)(1)(B).  *See id.*; *Incarcerated Ent.*, 331 F. Supp. 3d at 359.  "Commercial advertising or promotion for purposes of the Lanham Act consists of (1) commercial speech; (2) by a defendant in commercial competition with the plaintiff; (3) designed to influence customers to buy the defendant's products; (4) that is sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the industry."[3]  *Reese v. Pook & Pook, LLC*, 158 F. Supp. 3d 271, 286 (E.D. Pa. 2016) (citation omitted); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 456 (D.N.J. 2009).

None of these elements are borne out by the Amended Complaint.  Perhaps most tellingly, "[n]one of [Plaintiffs'] assertions are directed to the nature, characteristics, or qualities of [Defendants' services]."  *Monsanto*, 443 F. Supp. 2d at 653 (cleaned up).  Instead, as Plaintiffs

---

[3] Although "the Third Circuit has [n]ever conclusively held that this four-part test is the proper inquiry to determine what constitutes 'commercial advertising or promotion' for purposes of the Lanham Act," district courts "have consistently relied on [it]."  *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-513 (GP), 2023 WL 9051998, at *9 (E.D. Pa. Dec. 28, 2023); *Synthes, Inc. v. Emerge Med., Inc.*, 25 F. Supp. 3d 617, 717 (E.D. Pa. 2014); *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 576 (E.D. Pa. 1999); *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 480 (D.N.J. 1998).  For that reason, the Court does so here.

6

admit, they are representations about Shannon and Cole's corporate roles, responsibilities, and authority. (D.I. 17 at 5-6). And the Amended Complaint contains no allegations whatsoever about specific statements made by Blane or the Law Office. *See Parker*, 530 F. Supp. 2d at 679.

Accordingly, the Amended Complaint fails to state a claim against the Smith Defendants under the Lanham Act, and the Court will dismiss those claims.

B. **Supplemental Jurisdiction**

The only bases for original jurisdiction are Plaintiffs' Lanham Act claims. (*See* D.I. 4 ¶ 29) ("Jurisdiction and venue are proper on the basis of federal question jurisdiction arising under 28 U.S.C. § 1331, wherein Plaintiffs are vested with the right to bring a claim in federal court with respect to the Lanham Act."). Having dismissed those, the Court now determines whether it has supplemental jurisdiction over the remaining state law claims.[4]

---

[4] The Amended Complaint does not plead diversity as a basis for jurisdiction. *See* 28 U.S.C. § 1332(a); Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction." (cleaned up)). Nor do the parties address it in their briefing. Although the Amended Complaint appears to allege that Plaintiffs are citizens of different states than Defendants (Delaware and California, respectively), the pleading "is insufficient for [the Court] to determine whether complete diversity existed when the complaint was filed." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 36 (3d Cir. 2018). That is because the Amended Complaint fails to allege Airlock and Stardust's principal places of business, or the state of which Cooper is a citizen. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015) ("In the case of a corporation, the state of incorporation and principal place of business should be alleged, as the corporation is a citizen of both states."); *GBForefront*, 888 F.3d at 35 ("Alleging residency alone is insufficient to plead diversity of citizenship."). Thus, the Court is unable to ascertain whether the two sides are completely diverse. *See J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) ("[T]he complaint did not properly plead diversity jurisdiction" where it "le[ft] open the possibility that [plaintiff] had its principal place of business in [the same state as defendant]."); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012). Nonetheless, because "[d]efective allegations of jurisdiction may be amended," the Court will give Plaintiffs an opportunity to amend. 28 U.S.C. § 1653; *GBForefront*, 888 F.3d at 37.

As the Third Circuit recently reiterated, "where [the court] dismisses the federal claims prior to trial or at the early stages of the litigation, it *must* decline to exercise jurisdiction over the state law claims unless considerations of judicial economy, convenience, and fairness justify retaining that jurisdiction." *Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (quotation marks omitted); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

Plaintiffs contend that the Court should hear their state common law claims because they arise from the same "integrated scheme of unauthorized corporate transactions." (D.I. 17 at 8). That may well be true. But there is no longer a core federal question claim upon which to anchor them. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). In any event, "no particular prejudice, nor much additional expense, would result from [dismissal] because Plaintiff[s] can easily file similar claims in state court." *Foote v. Mehrotra*, No. 21-169 (JS), 2023 WL 7214728, at *12 (D. Del. Nov. 2, 2023) (cleaned up, citation omitted). And aside from that, "no other considerations of judicial economy, convenience, or fairness have been raised" by Plaintiffs. *Thompson v. State of Del. Dep't of Servs. for Children*, No. 18-1236 (MN), 2020 WL 5775479, at *7 (D. Del. Sept. 28, 2020), *aff'd*, 44 F.4th 188 (3d Cir. 2022). Thus, "[t]he Court will decline to exercise supplemental jurisdiction over the state law claims because the claim over which the Court has original jurisdiction is being dismissed."[5] *Foote*, 2023 WL 7214728, at *12.

## IV.     CONCLUSION

Therefore, the Court will GRANT the motion to dismiss. (D.I. 14). An appropriate order will follow.

---

[5]     Because the Court finds it lacks subject matter jurisdiction over these claims, it does not address Defendants' alternative motions to dismiss for lack of personal jurisdiction or failure to state a claim. (*See* D.I. 16 at 9, 11).