# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRIS COOPER, STARDUST389, INC., and AIRLOCK389, INC., | : <br> : Civil Action No. 1:24-cv-00832-MN <br> : |
| Plaintiff, | : |
| v. | : |
| PATRICIA BELLASALMA, SHANNON SMITH-CROWLEY, RICHARD CABAEL, DAVID TRAUB, KEATH SPEARS, DENIS G. LUCINDO, PAUL PARMON, MICHAEL ARIZOLA, DIVYESH MAKWANA, CATERINA NETTI, CARIE ELENA EDWARDS, LAURA DUNPHY, COLE SMITH-CROWLEY, SANDRA WILLIAMS, TORI TRASK, BLANE A. SMITH, THE LAW OFFICE OF BLANE A. SMITH, MAGALY ZAGAL, CALIFORNIA CAPITOLIO STRATEGIES LLC, | : |
| Defendant. | : |

1

## RENEWED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Garibian Law Offices, P.C. ("Movant") moves pursuant to D. Del. L.R. 83.7 for leave to withdraw as counsel for Plaintiffs Chris Cooper, Stardust389, Inc. and Airlock389, Inc. ("Plaintiffs") in the above-captioned action (the "Action"). In support of this motion, Movant respectfully states as follows:

### Nature and Stage of Proceedings

1. Plaintiffs Chris Cooper, Stardust389, Inc. and Airlock389, Inc. ("Plaintiffs") initiated this Action on July 18, 2024. (Doc. No. 1). Plaintiffs filed an Amended Complaint on July 19, 2024 (Doc. No. 4).

2. On December 30, 2024, Defendants Shannon Smith-Crowley, Cole Smith-Crowley, Blane A. Smith and the Law Office of Blane A. Smith filed a Motion to Dismiss the Amended Complaint. (Doc. No. 14).

3. On June 13, 2025, Plaintiffs filed a Second Amended Complaint against all Defendants. (Doc. No. 30).

4. On July 28, 2025, Defendants Shannon Smith-Crowley, Cole Smith-Crowley, Blane A. Smith and the Law Office of Blane A. Smith filed a Motion to Dismiss the Second Amended Complaint for Failure to State a Claim (Doc. No. 32) along with an Opening Brief (Doc No. 33).

5. On August 7, 2025, the Court denied Movant's original Motion to

2

Withdraw, which had been filed on July 31, 2025 (ECF No. 35), with leave to renew after August 11, 2025, the due date for Plaintiffs' answering brief on Defendants' pending motion to dismiss. See ORAL ORDER (denying withdrawal "with leave to renew the motion to withdraw after August 11").

6. That date has now passed, and Plaintiffs have not communicated with Movant regarding the preparation or filing of any answering brief, nor have they provided any materials or instructions necessary for Movant to meet their obligations in this litigation. In accordance with the Court's directive, and in light of the continued absence of communication, nonpayment of invoices, and the resulting inability to represent Plaintiffs effectively, Movant respectfully submits this renewed Motion to Withdraw as counsel.

### Legal Standard

7. Rule 1.16(b) of the Model Rules of Professional Conduct of the American Bar Association (the "Model Rules") and the Delaware Lawyers' Rules of Professional Conduct ("Delaware Rules"), permit a lawyer to withdraw from representing a client under certain enumerated circumstances.

8. When withdrawal of counsel would leave the party without representation by a member of the Bar of this Court, as here, the withdrawal requires an order of the Court and notice to all parties. D. Del. LR 83.7; *see also Sharp v. Verizon Delaware Inc.*, 2012 WL 6212615, at *2 (D. Del. Dec. 12, 2012)

("When a motion to withdraw is filed, and substitute counsel has not entered an appearance on the affected party's behalf, the decision as to whether to allow counsel to withdraw its representation is within the discretion of the Court.") (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d. Cir. 1986)).

### Counsel Respectfully Requests that Withdrawal Be Permitted at the Court's Discretion.

9. Movant has represented Plaintiffs as counsel in this Action since July 18, 2024 has continuously and diligently represented Plaintiffs, serving as Delaware counsel in conjunction with Plaintiffs' primary counsel in this matter, James Wolff, Esq., of Warshaw Burstein, LLP, a New York attorney who has not yet moved for admission pro hac vice into this case.

10. It has become apparent, however, that Movant cannot continue with its representation of Plaintiffs. As detailed below, Plaintiffs have failed to respond to Movant regarding the representation, including the payment of invoices and general discussions about the status of this matter.

11. The lack of communication from Plaintiffs and with Mr. Wolff has made it difficult – if not impossible – for Movant to proceed in this matter.

12. Accordingly, undersigned counsel avers that good cause exists for withdrawal from representation of Plaintiffs in this matter. *See* Delaware

Rule 1.16 n.3 ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.").

13. Rule 1.16(b) of the Model Rules and the Delaware Rules provides: "a lawyer may withdraw from representing a client if": "(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

14. Withdrawal is appropriate here under Rule 1.16(b)(5)-(7) because representation of Plaintiffs will result in continued failure by Plaintiffs to fulfill their material obligations regarding Movant's services and will result in an unreasonable financial burden on Movant.

15. If Movant is not permitted to withdraw, as this matter proceeds, Movant will have to continue to bill for future fees and costs without any expectation of being compensated. This will cause Movant to suffer an unreasonable financial burden unless the Court permits withdrawal.

16. In accordance with Rule 1.16(b)(1), Movant's withdrawal at this time will

not have a material adverse effect on Plaintiffs' interests. While there is a pending motion to dismiss this matter, which Plaintiffs have and which Plaintiffs will have the opportunity to address with Mr. Wolff, who has advised Movant that he is planning to meet with Plaintiffs on August 1, 2025.

17. There are no exigent circumstances in this action that will threaten any party with material burdens or prejudice if Movant is permitted to withdraw. *See Sharp*, 2012 WL 6212615, at *4 (citing *Wolgin v. Smith*, 1996 WL 482943, at *2 (E.D.Pa. Aug.21, 1996) ("permitting withdrawal and finding that it would not "materially prejudice" affected party and any new counsel would be given "ample opportunity to become familiar" with a manageable set of case-related facts)).

18. Movant wishes to be clear that the filing of this motion is not intended to delay the progression of this case.

19. Undersigned counsel has conferred with Kristen Swift, Counsel for the only defendants who have appeared in this action, Defendants Shannon Smith-Crowley, Cole Smith-Crowley, Blane A. Smith and the Law Office of Blane A. Smith ("Defendants") pursuant to D. Del. LR 7.1.1 concerning this motion. Ms. Swift advised Movant by telephone on July 31, 2025 that she does not oppose Movant's request for withdrawal.

20. Pursuant to Delaware Rule 1.16(d), Movant will "take steps to the extent reasonably practicable to protect [Plaintiffs'] interests," which would include assisting in the transition of the matter to new counsel if requested to do so by Plaintiffs.

### Notice

21. Pursuant to D. Del. LR 83.7, Movant sent a copy of the previously filed motion to withdraw by email to Plaintiffs and their designated representatives on July 31, 2025. Movant has always communicated exclusively by email with Plaintiffs and their representatives – all of whom are located overseas. Similarly, Movant sent a copy of this renewed motion to withdraw to Plaintiffs and their designated representatives on December 8, 2025.

22. Movant advised Plaintiffs of his intention to withdraw and the need to find new Delaware counsel on several occasions. Movant has sent emails to both Plaintiffs, their designated representatives and Mr. Wolff on the following dates addressing unpaid invoices and Movant's intention to withdraw: March 19, 2025; April 22, 2025; May 2, 2025; June 16, 2025, July 30, 2025, and 2 emails on July 31, 2025. Movant has repeatedly requested a response from both Mr. Wolff and Movants regarding their intent to proceed in this matter and pay outstanding invoices – and have

7

been either ignored or given assurances that were ultimately not met.

23. Mr. Cooper has not responded to or indicated Plaintiffs' position on Movant's intent to withdraw and has not indicated whether Plaintiffs have retained substitute counsel.

24. Copies of the filed version of this motion are being served on Defendants through counsel via the Courts' e-filing system.

**WHEREFORE**, Movant respectfully requests that the Court enter an Order granting this Motion for Leave to Withdraw as Counsel. A [Proposed] Order is attached.

Dated: December 8, 2025

**GARIBIAN LAW OFFICES, P.C.**

By: */s/ Antranig Garibian*
Antranig Garibian, Esq. (DE Bar 4962)
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE 19803
(302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiffs*